UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

ROY J. DRAKE, WILLIAM )
BORCKARDT, JOHN MASSEY and )
BOBBY LOGGINS, )
    Plaintiffs; )
                                    )    No. CV-95-P-1164-S
-vs.- )
                                   )
PEMCO AEROPLEX, INC. and )
PRECISION STANDARD, INC., 
    Defendants.

[handwritten: 95-P-2842]

**ENTERED**

SEP 1 9 1997

## OPINION

    The defendants, Pemco Aeroplex, Inc., ("Pemco") and Precision Standard, Inc. ("Precision") (collectively "Defendants") filed a Motion for Summary Judgment which was considered at a prior motion docket. For the following reasons, this motion is due to be granted in part and denied in part.

### Facts[1]

    Pemco is a corporation engaged in the business of overhaul and maintenance of aircraft. The Plaintiffs, Roy Drake, William Borckardt, John Massey, and Bobby Loggins were all terminated from Pemco's Engineering Department in November of 1994. The four plaintiffs were between 51 and 59 years old at the time of the layoff. The decision to terminate these four employees was made by Mr. Maged Abdelkarim, Managing Director of Engineering at the time, and Mr. D. Ray Pike, Pemco's now retired Vice President of Human Resources.

---

    1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

The Plaintiffs have produced evidence that indicates that the decision to terminate the Plaintiffs may have been based on their age. In his affidavit, Mr. Rodo testifies that Mr. Abdelkarim told him that he wanted to get rid of older employees and replace them with younger, lower paid employees. The Plaintiffs have also produced evidence that indicates that the Plaintiffs performed adequately on the job.

The Defendants have produced conflicting evidence. According to the testimony of the Defendant's decision makers, the Plaintiffs were laid off because the company was going through a period of reduced demand for the company's services and because the Plaintiffs were the poorest performers in an over staffed Engineering Department. The Defendants have also produced evidence that indicates that the Plaintiffs were "poor performers".

The Plaintiffs have brought this case against Pemco and its parent company, Precision, alleging that their termination violates the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621-634 (1993), and the nondiscrimination provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140.

## Analysis

Pemco's Motion for Summary Judgement is due to be denied because there are genuine disputes of material fact. The affidavit of Mr. Rodo regarding the explanation provided by Mr. Abdelkarim for terminating the Plaintiffs creates a genuine dispute of fact on two material issues -- the Plaintiff's prima facie case for age discrimination, and the truth of the Defendant's articulated nondiscriminatory reason for terminating the Plaintiffs.

Precision's motion is due to be granted because there is no evidence in the record to

2

indicate that the layoff decisions in the Engineering Department of Pemco were made at the direction of, or with any input from, Precision. Furthermore there is no evidence supporting the Plaintiffs' allegation that Pemco and Precision should be considered a "single employer" with regard to layoff decisions made in the Engineering Department of Pemco.


Dated: September 18, 1997

                                          Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. John W. Hargrove
    Mr. David M. Lawson
    Mr. James Mendelsohn

3